IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXANDER JIGGETTS | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-14-2486 |
| STATE OF MARYLAND | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

The above-captioned petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is petitioner's challenge to his civil commitment at Spring Grove Hospital ("Spring Grove"). An answer to the order to show cause has been filed and petitioner file a reply; therefore, the matter is ripe for this court's dispositive review. The issues have been thoroughly briefed, making a hearing in this matter unnecessary. See Local Rule 105.6 (D. Md. 2014). For the reasons set forth below, the petition shall be denied.

Petitioner Alexander Jiggetts (hereinafter "Jiggetts"), asserts that on July 21, 2014, he was ordered "confined at Baltimore County Detention Center" by Judge Ryan of the District Court for Baltimore County, Maryland. ECF 1 at p. 1. In addition, Jiggetts states that the judge issued an order requiring him to be seen for an evaluation as soon as possible. Jiggetts asserts that "corrupt correctional officers disobeyed" the judge's order and illegally transferred him to Spring Grove. *Id.* Jiggetts claims that the transfer to Spring Grove was a violation of his Eighth Amendment right to be free from cruel and unusual punishment and alleges he is being tortured at Spring Grove. Additionally, he claims the transfer denies him of his Fourteenth Amendment rights by denying him of a criminal trial on the pending charges. *Id.*

In response to the petition, respondent states that Jiggetts is lawfully confined, has not named the proper respondent, and has not exhausted state remedies. Specifically, respondent states that on November 12, 2013, Jiggetts was charged on four counts of telephone misuse, making a false statement to a police officer, and causing a false alarm. ECF 3 at Ex. 1. By order dated November 21, 2013, the District Court for Baltimore City committed Jiggetts to the Department of Health and Mental Hygiene ("DHMH") for evaluation of competency to stand trial. *Id.* at Ex. 2. On December 19, 2013, following Jiggetts' evaluation, the court found he was not competent to stand trial and a danger due to mental disorder. He was then committed to the DHMH for care and treatment, where he remains confined. *Id* at Ex.t 3.

On July 12, 2014, Jiggetts allegedly assaulted a member of the staff at Spring Grove and absconded from the hospital. As a result he was charged with first-degree escape and second-degree assault. *Id.* at Ex. 4. On July 22, 2014, he was returned to the hospital based on the order of commitment issued by the District Court for Baltimore City. On August 14, 2014, the Circuit Court for Baltimore County ordered another competency evaluation of Jiggetts *Id.* Jiggetts was evaluated by forensic staff at Springfield Hospital pursuant to the Circuit Court's order and reported that he was not competent to stand trial and that he is dangerous due to a mental disorder. *Id.* at Ex. 6. On September 5, 2014, Jiggetts was again committed to the custody of DHMH as incompetent to stand trial on the basis of the evaluation performed by Springfield staff.

Pretrial[1] federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224– 26 (5th Cir. 1987). Exhaustion

---

[1] Jiggetts has not been convicted of a crime and is held for purposes of improving his mental health so that he becomes competent to stand trial.

2

is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

As a person committed to a mental health facility, petitioner has a right under Maryland law to file a petition for release in the state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located. *See* Md. Health Gen. Code Ann., § 10-805(a) and (b). Denial of an application for release may be appealed. *See id.,* §10-805(h). Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).

In his reply, Jiggetts maintains that he exhausted state remedies because he filed something with the Maryland Court of Special Appeals regarding his claim that he should not have been transferred from Baltimore County Detention Center under the terms of the judge's order. ECF 4. He states that because that "appeal" was dismissed he realized he must resort to this court for relief. Jiggetts is mistaken in his belief that his contact with the appellate court constitutes exhaustion of state remedies. Failure to follow the rules of procedure and to file a cognizable claim in the appropriate state court vitiates any attempt to present the claim for

purposes of exhaustion. He is also mistaken that his transfer from the Detention Center was illegal; there is an order requiring his evaluation for competency at Springfield Hospital issued after a plea of "not competent to stand trial" was filed by the defense in the Baltimore County criminal case. ECF 3 at Ex. 6, p. 1. Thus, Jiggetts' challenge to his continued commitment to DHMH must be pursued through petition for release filed in a state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located pursuant to Md. Health Gen. Code Ann., § 10-805(a) and (b). If he is unsuccessful, he must appeal to the state appellate courts. Until he has accomplished these steps, his claims are unexhausted and federal habeas relief is unavailable.

    A separate order follows.

_____
Date

_____
J. Frederick Motz
United States District Judge